UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELODIE BITTE                                                    CIVIL ACTION

VERSUS                                                           No. 07-9273

EMC MORTGAGE CORPORATION                                         SECTION I/1
Successor to United Companies Lending
Finance Corp. a/k/a UC Lending

## ORDER AND REASONS

Before the Court is a motion for summary judgment, filed on behalf of defendant, EMC Mortgage Corporation ("EMC").[1] EMC seeks dismissal of all of plaintiff's claims as well as summary judgment on its counterclaim. Plaintiff, Melodie Bitte, proceeding *pro se*, has opposed the motion. For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.

### *BACKGROUND*

Plaintiff filed this action on December 4, 2007, alleging unspecified violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA").[2] The dispute centers on the documents associated with Bitte's purchase of the property located at 443 2nd Avenue, Harvey, Louisiana. In August, 1991, Bitte executed a Bond for Deed Agreement and a Promissory Note with the United Companies Lending Corporation ("United"). United transferred that Bond for Deed Agreement to EMC on September 15, 2000.

On January 16, 2009, EMC, alleging default, filed a counterclaim against plaintiff

---

[1] R. Doc. No. 51.

[2] R. Doc. No. 1.

1

seeking a judgment cancelling the Bond for Deed Agreement and directing plaintiff to surrender the property to EMC.

*LAW AND ANALYSIS*

**I.      Rule 56 Standard of Law**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552

2

(1999).

## II. Discussion

### A. *Statute of Limitations*

Plaintiff alleges violations of the TILA based on either the Bond for Deed Agreement or the Promissory Note.[3] Both of these documents were executed in August, 1991. The TILA states that "[a]ny action under this section may be brought . . .within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he limitations period in Section 1640(e) runs from the date of the consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had a reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action." *Jackson v. Adcock*, 2004 WL 1900484 (quoting *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986)).

The transaction at issue occurred more than seventeen years ago. Further, plaintiff has, by her own admission, refused to make mortgage payments to EMC for at least five years.[4] Plaintiff had more than a "reasonable opportunity" to uncover any alleged violations of the TILA. Accordingly, the statute of limitations bars her TILA claims. Given that bar, there is no situation "such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[5]

---

[3] It is not clear exactly upon which document the plaintiff is basing her claims. Nevertheless, the Court's analysis applies in either case.

[4] See R. Doc. No. 55, p. 5.

[5] EMC also argues that Bitte cannot establish that it does not have valid title to the property. Given the Court's ruling with respect to the statute of limitations issue, it is not necessary to reach the merits of EMC's title argument.

B.  *EMC's Counterclaim*

EMC's counterclaim is based entirely on state law. 28 U.S.C. 1367(a) provides for supplemental jurisdiction of claims arising as part of the same case or controversy "in any civil action of which the district courts have original jurisdiction." Nevertheless, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3).

In determining whether to exercise supplemental jurisdiction over state law claims, courts in the Fifth Circuit consider the statutory factors set out in § 1367(c)[6] as well as the common law factors of judicial economy, convenience, fairness, and comity. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). "These factors are to be considered on a case-by-case basis, and no single factor is dispositive." *Id.*

The factors weigh in favor of dismissal. Once Bitte's TILA claims are dismissed, no issue of federal law remains. Moreover, while this Court dismissed Bitte's claims as time barred, it is not clear that she ever plead a non-frivolous federal claim. Allowing the state courts to rule on this counterclaim, invoking a state property interest, encourages fairness between the parties by "procuring for them a surer-footed reading of applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Lastly, deference in this case with respect to the

---

[6] 28 U.S.C. § 1367 gives the district courts the discretion to decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

state law issue promotes the important interest of comity to state courts.

**III.  Conclusion**

Accordingly, and for the reasons state above,

**IT IS ORDERED** that EMC's motion for summary judgment[7] is **GRANTED in part** and **DENIED in part**.  Bitte's claims are dismissed with prejudice as time barred.  Because there are no remaining federal issues, EMC's counterclaim is dismissed without prejudice pursuant to § 1367(c)(3).

New Orleans, Louisiana, June 29, 2009.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[7]R. Doc. No. 51.